## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DR. LIMIN SHE,<br><br>Plaintiff,<br>v.<br><br>HEALTH LINE INTERNATIONAL CORP., a Wyoming company, IMSI MEDICAL INC., JOEL FAULKNER, an individual, ELLIOT FAULKNER, an individual, AARON FAULKNER, an individual, GLORIA FAULKNER, an individual, and ESTRELLA MEDICAL, LLC, a Utah company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMOVE ATTORNEYS' EYES ONLY DESIGNATION<br><br>Case No. 2:18-cv-00681-TC-BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned by District Judge Tena Campbell pursuant to

28 U.S.C. § 636(b)(1)(A).[1]  Pending before the court is Plaintiff's Motion to Remove Attorneys'

Eyes Only Designation.[2]  Plaintiff seeks to remove the "Attorneys' Eyes Only" designation from

high level financial statements produced by Defendants in discovery.  Pursuant to DUCivR 7-

1(f), the court determined oral argument is not necessary.  Having considered the parties'

arguments, memoranda and relevant case law, the court finds the requested information warrants

the designated protection at this time.  Accordingly, the motion is DENIED.

## BACKGROUND

This action arises from a dispute between the shareholders of Health Line International

Corp. (HLIC), Joel Faulkner (Faulkner) and Dr. Lim She (Dr. She).  HLIC develops,

manufactures, and distributes medical devices in the United States, China and other parts of the

---

[1] ECF No. 83.

[2] ECF No. 82.

world.[3]  In 2005, Faulkner and Dr. She created HLIC (a Wyoming corporation located in Utah

and China), each taking a 50% ownership position.[4]  Dr. She and IMSI Medical Inc. (IMSI), of

which Faulkner is the majority owner, each have a 50% ownership interest in HLIC.  Pursuant to

the parties' agreement, Faulkner would manage the U.S. operations (consisting primarily of

sales, research and development activities), and Dr. She would manage the China operations

(consisting primarily of manufacturing and order fulfillment activities).[5]  It is alleged that in late

2017 and/or early 2018, Dr. She became less engaged in HLIC due to alleged health and family

issues.[6]  Beginning in November 2017, there were intermittent production problems, equipment

breakdowns and personnel issues in the Chinese manufacturing plant that were affecting HLIC's

fulfillment orders.[7]  By May 2018, the situation reached a point where no open orders were being

filled for HLIC customers outside of China.[8]  In fact, by August 2018, HLIC was in danger of

defaulting on firm orders in excess of $1.8 million dollars.[9]  It is alleged all of Faulkner's

requests for information regarding HLIC's China operations have been ignored.[10]Notably,

around that same time period, Dr. She announced his interest in selling his HLIC shares to a

private entity group in Shanghai known as Juliu.[11]

---

[3] *See* ECF No. 23-1 at ¶2.

[4] *Id.* at ¶3.

[5] *Id.*

[6] *Id.* at ¶7.

[7] *Id.* at ¶11.

[8] *Id*. at ¶12.

[9] *Id*. at ¶14.

[10] *Id.* at ¶17.

[11] *Id.* at ¶7.

In June 2018, IMSI and HLIC filed a complaint in the U.S. District Court of Utah, alleging breach of fiduciary duty against Dr. She due to his failure to fill orders for HLIC customers outside of China and his failure to communicate with HLIC regarding business issues.[12] Two months later in August 2018, Dr. She filed an action and Motion for Temporary Restraining Order (TRO) in the U.S. District Court for the District of Wyoming.[13] Dr. She alleges Gloria Faulkner, in cooperation with Faulkner, Elliott Faulkner and Aaron Faulkner, created and operate Estrella Medical, LLC (Estrella), and that Estrella is misappropriating HLIC's resources, including sharing employees, office space and even some intellectual property. In his action, Dr. She raises allegations of mismanagement and misappropriation, and seeks access to books and records of HLIC.[14] According to Dr. She, he has entered into a sales agreement for the sale of his shares in HLIC to Juliu, and as part of the agreement he must conduct due diligence.

All Defendants filed motions for change of venue requesting the matter be transferred to the U.S. District Court of Utah.[15] The court granted the motion for change of venue, but deferred ruling on the TRO.[16] This court denied Dr. She's request for a TRO and injunction on September 12, 2018, without prejudice; Dr. She lives in China and was unable to attend the scheduled evidentiary hearing.[17] Thereafter, Dr. She served discovery requests seeking "the

---

[12] *See* ECF Nos. 15 and 30; *see also* Case No. 2:18-cv-00484-BCW.

[13] *See* ECF No. 1.

[14] ECF No. 2.

[15] *See* ECF Nos. 15 and 20.

[16] ECF No. 30.

[17] ECF No. 55.

financial records of HLIC from January 2012 to the present."[18]  Defendants produced responsive

documents from January 2015 to the present, designating some documents "Attorneys' Eyes

Only."[19]  Dr. She argues that as President and half owner of HLIC he is entitled to receive and

review the financial records of HLIC.  This motion followed.

## DISCUSSION

"Attorney's-eyes-only protection is usually employed to protect against business harm

that would result from disclosure of sensitive documents to a competitor."[20]  Here, Dr. She

argues that as an officer and director of the company, he is not a competitor and is thus entitled

to the financial information at issue.[21]  Accordingly, he asks that the "Attorney's Eyes Only"

designation be removed and the documents be redesignated as "Confidential."  Defendants argue

that Dr. She is requesting the financial information for an improper purpose.  Specifically, Dr.

She has admitted he seeks access to the records so he can conduct due diligence in his effort to

sell his share of the stock to Juliu.[22]  Given the procedural history in this case, and the allegations

made by the parties in both the Wyoming and Utah action, it appears there is serious "bad blood"

between Dr. She and the Defendants.  It is alleged Dr. She, to orchestrate his sale to Juliu, has

ceased communicating with Faulkner and/or performing any manufacturing as well as order

fulfillment activities for HLIC.  Cannibalizing one's own company is not typical behavior of an

officer and/or director.  In fact, after commencing a separate action in Wyoming, Dr. She was

---

[18] ECF No. 82-1.

[19] *Id*.

[20] *Velocity Press, Inc. v. Key Bank, N.A.*, 2:09-cv-520, 2011 WL 5322415 at *1 (D. Utah Nov. 3, 2011) (citation omitted).

[21] ECF No. 82.

[22] ECF No. 1 at ¶¶ 61, 71-74.

even unwilling to appear for the evidentiary hearing for the TRO he requested.  This court is

concerned about Dr. She's motives, as well as its ability to stop Dr. She, a Chinese national

residing in China, from giving the "Attorney's Eyes Only" designated documents to Juliu or any

other competitors.  Under the current designation, Dr. She can still provide the records at issue to

an expert accountant to conduct the due diligence for the sale, or as Defendants have offered—he

may review the documents in the Defendants' offices.  This seems sound and reasonable to the

court.  Accordingly, the request to remove the "Attorney's Eyes Only" designation is DENIED.

## ORDER

For the reasons set forth above the Court DENIES Plaintiffs' Short Form Discovery

Motion to Remove Attorney's Eyes Only Designation. [ECF No. 82].

DATED this 26 December 2018.

Brooke C. Wells
United States Magistrate Judge